IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JILMARIE ROLON-MERCED, et al.,**

Plaintiffs,

v.

**HECTOR PESQUERA, et al.,**

Defendants.

Civil No. 14-1757(DRD)

<u>**OPINION AND ORDER**</u>

Plaintiffs filed the instant *Complaint* on October 8, 2014 against Defendants in their individual capacities under Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, alleging violations of the Fourth and Fifth Amendments of the United States Constitution and Puerto Rico's Tort statute, Article 1802 of the Puerto Rico Civil Code.

Pending before the Court are Defendants' *Motion to Dismiss* (Docket No. 19) and Plaintiffs' *Opposition to Motion to Dismiss* (Docket No. 22). For the reasons elucidated below, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' *Motion to Dismiss.*

## I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' suit arises from facts alleged to have occurred on October 13, 2013. Specifically, Plaintiffs allege that George

1

Michael Diaz-Ortiz ("Diaz-Ortiz") was talking with a group of friends when PRPD officers intervened with the group. Diaz-Ortiz appears to have fled from the officers. Plaintiffs allege Diaz-Ortiz was shot in the back by Officer Cruz in his attempt to flee.

The officers on the scene, Officer Cruz and the unknown defendants, allegedly failed to provide emergency medical care to Diaz-Ortiz after he was shot. As a result, Diaz-Ortiz bled to death on the pavement. Plaintiffs alleged that Diaz-Ortiz would not have died had he been provided the necessary emergency medical care. *See* Docket No. 1.

On October 10, 2014, Plaintiffs Jilmarie Rolon-Merced, Joleydaliz Diaz-Rolon, Micaela I. Diaz-Rolon, Brenda I. Ortiz-Cosme, Jose Diaz-Ortiz, Bryan Diaz-Ortiz, Franyael Diaz-Ortiz and Luis Yomar Diaz-Ortiz filed suit against Defendants Hector Pesquera ("Pesquera"), PRPD Officer Cruz ("Cruz") and several unknown defendants (Docket No. 1).

Plaintiffs are seeking redress for the damages suffered as a result of the wrongful death of George Michael Diaz-Ortiz during the intervention by officers of the PRPD. Plaintiffs argue that as a consequence of Defendants' deliberate indifference and negligence, Diaz Ortiz faced his death, as he was shot in the back and then left out to bleed without receiving any medical attention in spite of being merely steps

away from a hospital. Plaintiffs allege that Superintendent Pesquera failed to implement proper policies in order to prevent events of police misconduct such as the one that caused the death of Diaz-Ortiz.

On August 6, 2015, Defendants filed a *Motion to Dismiss* (Docket No. 19) alleging Plaintiffs' claims should be dismissed as a matter of law for four specific reasons. First, Defendants aver that Plaintiff's complaint failed to meet the *Iqbal* plausibility standard. Secondly, they added that Plaintiffs Pereira and CJRL lack standing to sue pursuant Section 1983. Third, Defendants aver that claims against known and unknown defendants must be dismissed with prejudice for failure to serve process within the time allowed by the Federal Rules of Civil Procedure. Lastly, Defendants allege that pendent State Law claims must be dismissed without prejudice against appearing codefendants because they have no federal cause of action

On September 23, 2015, Plaintiffs filed an *Opposition to Motion to Dismiss* (Docket No. 22). Therein, Plaintiffs argued that the necessary allegations are all in the *Complaint* and that they adequately provide notice of their claims for relief. Regarding the claims brought by the decedent's relatives under Section 1983, the Plaintiffs responded that the Plaintiff's children are his heirs and as for the wife, mother and siblings, they have not brought suit under section 1983, but under the

3

Court's supplemental jurisdiction under Puerto Rico Civil Code
Articles 1802, et. seq. Furthermore, the Plaintiffs stated that
the pendent state law claims must not be dismissed due to the
fact that they stem from the same nucleus of operative facts.
Lastly, the Plaintiffs claimed that the unknown defendants must
not be dismissed, considering the fact that the PRPD did not
supply them with the correct information as to properly identify
said officer who has not been yet identified. As a result, the
Plaintiffs seek to conduct discovery in order to identify said
officers.

## II. STANDARD OF REVIEW FOR MOTIONS TO DISMISS

Federal Rule of Civil Procedure 8(a) requires plaintiffs to
provide "a short and plain statement of the claim showing that
the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).
Under Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), a
plaintiff must "provide the grounds of his entitlement [with]
more than labels and conclusions." *See* Ocasio-Hernandez v.
Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to
'show' an entitlement to relief a complaint must contain enough
factual material 'to raise a right to relief above the
speculative level on the assumption that all the allegations in
the complaint are true (even if doubtful in fact).')(quoting
Twombly, 550 U.S. at 555) (citation omitted).   Thus, a
plaintiff must, and is now required to, present allegations that

4

"nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; *see e.g.* Ashcroft v. Iqbal, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly, 550 U.S. 544, and Iqbal, 556 U.S. 662. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See* Iqbal, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) (quoting Iqbal, 556 U.S. 678) (quoting Twombly, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not

discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U.S. 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. Id.

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 679-80 (citing Twombly, 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernandez, 640 F.3d at 12, (citing Iqbal, 556 U.S. 679).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes

"pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010) (citing Twombly, 550 U.S. at 556); Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 556 U.S. 679); see Twombly, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation marks omitted); see Ocasio-Hernandez, 640 F.3d at 12 (citing Twombly, 550 U.S. at 556)("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." Sepúlveda-Villarini, 628 F.3d at 29.

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." Id. at 596;

*see* Iqbal, 556 U.S. at 681("To be clear, we do not reject []
bald allegations on the ground that they are unrealistic or
nonsensical. . . . It is the conclusory nature of [the]
allegations, rather than their extravagantly fanciful nature,
that disentitles them to the presumption of truth."); *see* Mendez
Internet Mgmt. Servs. v. Banco Santander de P.R., 621 F.3d 10,
14 (1st Cir. 2010) (The Twombly and Iqbal standards require
District Courts to "screen[] out rhetoric masquerading as
litigation."). However, merely parroting the elements of a cause
of action is insufficient. Ocasio-Hernandez, 640 F.3d at 12
(citing Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir.
2009)).

The First Circuit recently outlined two considerations for
district courts to note when analyzing a motion to dismiss.
García-Catalán v. United States, 734 F.3d 100, 104 (1st Cir.
2013). First, a complaint modeled on Form 11 of the Appendix of
the Federal Rules of Civil Procedure which contains sufficient
facts to make the claim plausible is ordinarily enough to
surpass the standard prescribed under Twombly-Iqbal. Id. at 104.
Second, district courts should accord "some latitude" in cases
where "[a] material part of the information needed is likely to
be within the defendant's control." Id. (more latitude is
appropriate in cases where "it cannot reasonably be expected
that the [plaintiff], without the benefit of discovery, would

have any information about" the event that gave rise to the alleged injury.)(internal citations and quotations omitted).

### III. LEGAL ANALYSIS

### A. Section 1983

Section 1983 does not create any independent substantive rights; instead, Section 1983 is only a procedural vehicle to vindicate constitutional and other federal statutory violations brought about by state actors. *See* Baker v. McCollan*, 443 U.S. 137, 145, n.3 (1979)("Section 1983 . . . is not itself a source of substantive rights, but [merely provides] a method for vindicating federal rights elsewhere conferred . . . ."); Albright v. Oliver, 210 U.S. 266 (1994); Lockhart-Bembery v. Sauro, 498 F.3d 69, 74 (1st Cir. 2007); Cruz-Erazo v. Rivera-Montañez, 212 F.3d 617 (1st Cir. 2000). Section 1983 provides a mechanism to remedy for deprivations of rights that are federally enshrined elsewhere. Oklahoma City v. Tuttle, 471 U.S. 808 (1985).

Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."42 U.S.C. § 1983.

When assessing the imposition of liability under Section 1983, we must first ask "(1) whether the conduct complained of was committed by a person acting under the color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 558 (1st Cir. 1989)(citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)). Acting under color of state law requires that a "defendant in § 1983 action have exercised power possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988).

Although Section 1983 provides an avenue to remedy many deprivations of civil liberties in federal court, it "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). The Eleventh Amendment bars lawsuits for monetary damages against a State in federal court, unless said State has waived its immunity or unless Congress has expressly overridden that immunity. See CONST. Amend. XI; Will, 491 U.S. at 66 (citing Welch v. Texas Dept. of Highways and Public Transportation, 483 U.S. 468, 472-473 (1987) (plurality opinion)); O'Neill v. Baker, 210 F.3d 41 (1st Cir. 2000). Furthermore, "neither a state

agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991). The reasoning follows that a suit against an official actor is a suit against his office, and by default a suit against the state. *See* Will, 491 U.S. at 71; Brandon v. Holt, 469 U.S. 464, 471 (1985); Kentucky v. Graham, 473 U.S. 159, 165-166 (1985).

Puerto Rico has long been considered a state for Eleventh Amendment purposes. *See* Irizarry-Mora v. Univ. of Puerto Rico, 647 F.3d 9 (1st Cir.2011); Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935 (1st Cir.1993). "The Eleventh Amendment bars the recovery of damages in a federal court against the Commonwealth of Puerto Rico, and, by the same token, it bars the recovery of damages in *official capacity* suits brought against Puerto Rico officials where recovery will come from the public fisc." Culebras Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 516 (1st Cir.1987) (citing Ramirez v. P.R. Fire Service, 715 F.2d 694, 697 (1st Cir.1983) and *Kentucky v. Graham,* 473 U.S. 159 (1985)) (emphasis in the original); Maysonet-Robles v. Cabrero, 323 F.3d 43 (1st Cir.2003). Plaintiffs have sued Defendants only in their individual capacity; therefore, the Court need not conduct an Eleventh Amendment analysis.

In the instant matter, all of the facts alleged by Plaintiffs transpired under the umbrella of the Puerto Rico Police Department, an executive agency of the Commonwealth of Puerto Rico. At all relevant times, Defendants were employed by the Commonwealth of Puerto Rico and acted in their official capacities. Furthermore, the alleged conduct occurred within the scope of Defendants' employment, as Defendants' alleged injurious acts owned while conducting a police intervention pursuant to official duties. Further, the individual Defendants were acting under color of state law when the purported conduct transpired, as the alleged discrimination was committed by employees of the Commonwealth of Puerto Rico during the course of their employment with the PRPD. Therefore, Section 1983 is an appropriate avenue to remedy Plaintiffs' claims.

## B. Plausibility of Plaintiffs' 1983 Claims

### *Excessive Force*

The United States Supreme Court has held that the appropriate standard regarding Plaintiffs' claims of excessive force by police officers against a potential arrestee is objective reasonableness. *See* <u>Kingsley v. Hendrickson</u>, 135 S. Ct. 2466, 2473-74 (2015)(holding that a pre-trial detainee need not necessarily prove the officer's intent to harm or punish, only that, from an objective viewpoint, the officer's action was "not rationally related to a legitimate governmental purpose.");

*see also* Miranda-Rivera v. Toledo Davila, 813 F.3d 64 (1st Cir. 2016)(holding that the Fourth Amendment objective reasonableness standard applies from the arrest stage through the probable cause hearing); and Rivera Garcia v. Roman Carrera, 938 F.Supp. 2d 189, 198-199 (D.P.R. 2013)(rejecting argument that Fourteenth Amendment applies from the moment a person is "neutralized" by police). Therefore, under Kingsley, the Court need only find that the officers in the instant case's actions may have not been "rationally related to legitimate government objectives or that [they] were excessive in relation to that purpose." Kingsley at 2473.

At this stage of the proceedings, the Court must take all of the Plaintiff's allegations as true. The Court notes that the reason for the intervention by the officials has not been alleged. At this point, however, the Defendants' actions suggest that there could have been other alternatives that would have been less ill-advised or more practical in intervening with Diaz-Ortiz.

Based on Plaintiffs' pleadings, the decedent had not yet been arrested nor otherwise detained at the time officials allegedly shot Diaz-Ortiz. After a careful analysis of the pleadings, the Court finds Plaintiffs' claims tend to suggest "more than a sheer possibility" that the officers acted unreasonably. Specifically, the pleadings suggest that there was

no cognizable reason for Officer Cruz to shoot Diaz-Ortiz. Furthermore, aside from Officer Cruz, the unnamed officers may also be held liable for failing to intervene. *See* <u>Wilson v. Town of Mendon</u>, 294 F. 3d 1, 6 (1st Cir. 2002). ("An officer may be held liable not only for his personal use of excessive force, but also for his failure to intervene in appropriate circumstances to protect an arrestee from the excessive use of force by his fellow officers."); *but see* <u>Gaudreault v. Municipality of Salem</u>, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (rejecting failure-to-intervene liability where the attack lasted only a few seconds and the other officers at the scene had no realistic opportunity to stop the officer-assailant).

Based on the facts as pled, the officers actions seem nonsensical and fail to meet the objective reasonableness standard. Accordingly, the Court finds Plaintiffs have made a plausible allegation of excessive force on the part of PRPD officers.

### *Failure to Provide Medical Attention*

Fourteenth Amendment substantive due process requires police officers to provide medical attention to arrestees injured during a police intervention. *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). In <u>Miranda-Rivera v. Toledo-Davila</u>, the First Circuit has expressly articulated the standard under which a court shall

14

analyze allegations that officers failed to provide medical attention to a potential arrestee. Specifically::

> Government officials violate the Eighth Amendment if they display "deliberate indifference" to a prisoner's "serious medical needs." *Id.* A "serious medical need" "is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* Deliberate indifference requires (1) that "the official ... be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and (2) that he draw that inference. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A factfinder can conclude that a government official was aware of a substantial risk of serious harm based on the fact that the risk was obvious. *Id.* at 842, 114 S.Ct. 1970. However, there is no deliberate indifference if an official responds reasonably to the risk. *Id.* at 844-45, 114 S.Ct. 1970; *see also Coscia v. Town of Pembroke,* 659 F.3d 37, 39 (1st Cir.2011) (deliberate indifference can consist of "a conscious failure to provide medical services where they would be reasonably appropriate"). Where it is shown that an officer was deliberately indifferent to a serious medical need of a pretrial detainee, no further mens rea of the officer—whether intent or motivation—is necessary to state a substantive due process claim. *See Cty. of Sacramento v. Lewis,* 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (observing that deliberate indifference is "egregious enough" to satisfy the "conscience shocking" element required of substantive due process claims, where the officer exhibits deliberate indifference to the medical needs of a pretrial detainee) (citing *City of Revere,* 463 U.S. at 244, 103 S.Ct. 2979).

Miranda-Rivera, 813 F.3d 64, 74 (1st Cir. 2016)

In the case at bar, Plaintiffs allege that Diaz-Ortiz fell to the ground and bled to death after being shot by Defendant Cruz. Officers allegedly did not cooperate with bystanders' claims that Diaz-Ortiz be taken to a hospital. Diaz-Ortiz ultimately died on the pavement without receiving medical attention. The Court proceeds to analyze if the actions of the officers were unconstitutional.

First, Diaz-Ortiz's injury can most certainly be classified as a "serious medical need as even a layman would understand that a bullet wound is a very serious injury. Therefore, pursuant to the pleadings, the Court may safely conclude that it was apparent to the officers at the time that Diaz-Ortiz needed medical attention. However, pursuant to the allegations, Diaz-Ortiz did not receive any medical attention and died at the scene. Under the First Circuit standard, these facts support the Court finding that the officers at the scene may have been deliberately indifferent by "[consciously failing]to provide medical services where they would be reasonably appropriate". Coscia at 39.

### *Supervisory Liability*

A supervisor may be found liable under section 1983 only on the basis of his own acts or omissions - liability for a supervisor may not be predicated upon a theory of respondent superior. Barreto Rivera v. Medina Vargas, 168 F.3d 42, 48 (1st

Cir. 1999). To recover against a supervisor, Plaintiff must show that there is an affirmative link between the street level misconduct and the action or inaction of the supervisory official. Id. For supervisory liability to attach under section 1983, a plaintiff must demonstrate an affirmative link between the subordinate officer and the supervisor, "whether through direct participation or through conduct that amounts to condonation or tacit authorization". Carmona v. Toledo, 215 F.3d 124,132 (1st Cir. 2000).

In the case at bar, Plaintiffs claim that the Supervisory Codefendants had not implemented nationally accepted policiesregarding the use of deadly force by police officers. These nationally accepted policies would understandably serve to provide the proper training for field officers, primarily on how to conduct chases on foot on fleeing suspects. Furthermore, Plaintiffs claim that the Supervisory Codefendants had not trained or retrained the officers under their supervision on the use of deadly force, on chases of fleeing suspects, nor on the provision of emergency medical care to wounded suspects..

Although the Court notes that these allegations may be underdeveloped at this stage, the Court must accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." Id. (more latitude is appropriate in cases where "it cannot

reasonably be expected that the [plaintiff], without the benefit of discovery, would have any information about" the event that gave rise to the alleged injury.) Because the information needed to further develop these allegations, namely the training programs these officers were placed in and whether they were reprimanded for their actions in intervening with Diaz-Ortiz, is under the dominion and control of the PRPD, the Court may not dismiss these claims at this time. Accordingly, finding that Plaintiffs have made plausible allegations of a violation of Section 1983, the Court hereby DENIES Defendants' *Motion to Dismiss* Plaintiffs' Section 1983 claims.

### C. Standing under 1983

It has been established that as a general rule, a plaintiff does not have standing to assert claims on behalf of parties who are not before the court. *See* <u>Allen v. Wright</u>, 468 U.S. 737, 751,(1984). In addition, Article III of the Unites States Constitution provides that in order for persons to have standing in federal court, they must themselves be injured (U.S. Const. art. III).

"First Circuit case law holds that surviving family members cannot recover in an action brought under section 1983 for deprivation of rights secured by the federal constitution for their own damages from the victim's death unless the unconstitutional conduct was aimed at the familial

18

relationship." Robles-Vazquez v. Garcia, 110 F.3d 204, 206 n. 4(1st Circ.1997). When referring to familial relationship cases, the Circuit Court has divided them into two categories. Under the first category, substantive due process has been applied to prevent governmental interference in certain private decisions. See Valdivieso Ortiz v. Burgos, 807 F.2d 6 (1986). As to the second category, it is implicated whenever the state directly seeks to change or affect the parent-child relationship." This second category looks to recognize a liberty interest in "preventing governmental interference with the rearing of young children." These might include cases of termination of parental rights or paternity cases.    State action that affects the parental relationship merely incidentally will not be sufficient to establish a violation of an identified interest, even though the deprivation might be permanent as in the case of an unlawful death. Santosky v. Kramer, 455 U.S. 745 (1982).

Federal Law provides standing for an heir to bring a section 1983 action on behalf of a deceased person, if the law of the forum state permits. Robertson v. Wegmann, 436 U.S.584.(1994). Under Puerto Rico law, a decedent's heirs may recover for the decedent's pain and suffering prior to death. Gonzalez Rodriguez, 134 F.Supp.2d at 454 (2004) Specifically, the Supreme Court of Puerto Rico has ruled that survivorship is generally encompassed within Article 1802 of the Civil Code,

19

Puerto Rico's general tort provision. Under Article 1802, damages for the conscious pain and suffering of plaintiff's decedent prior to his death, as opposed to damages for his immediate death, are recoverable in a wrongful death negligence cases. *See* <u>Vda. de Delgado v. Boston Ins. Co.</u>, 101 P.R. Dec. 598, 603 (1973). Thus, an heir may bring a section 1983 action in his representative capacity only when it is evident that the deceased had suffered damages and/or distress prior to his death. <u>Id</u>.

After a careful analysis, it is plausible by the allegations that the heirs of Diaz-Ortiz have standing to sue for a section 1983 claim against the Defendants as Plaintiffs allege that Diaz-Ortiz bled to death, and suffered accordingly, after being shot by officers. Thus, finding that it is likely that Diaz-Ortiz suffered prior to his death, Diaz-Ortiz's heirs may recover for his pain and suffering. Accordingly, the Court hereby **DENIES** Defendant's *Motion to Dismiss* with respect to Plaintiffs' standing for Jilmarie Colon-Merced, Joleydaliz Diaz-Rolon and Micaela I. Diaz Rolon and **GRANTS** Defendant's *Motion to Dismiss* with respect to Plaintiffs Brenda I. Ortiz-Cosme, Jose Diaz-Ortiz, Bryan Diaz-Ortiz, Franyael Diaz-Ortiz and Luis Yomar Diaz-Ortiz.

### D. Failure to Serve

Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> "[i]f a defendant is not served within 90 days after a complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against the defendant or order that service be made within specified time. But the plaintiff shows good cause for the failure, the court must extend the time for service for an approximate period." Fed. R. Civ. P. 4(m)

If a a plaintiff does not effectuate service of a summons on a defendant within 120 days from the filing of the complaint, a court may either dismiss the action without prejudice or extend the time period for service. Molinelli-Freytes v. Univ. of PR, 727 F.Supp.2d 60,62 (D.P.R. 2010). However, the court may extend the time period if the plaintiff shows good cause. A court's fact-specific good cause inquiry must take into account the diligence of the plaintiff and any mitigating circumstances which may exist. United States v. Ayer, 857 F.2d 881, 885 (1st Cir.1988).

In previous decisions, this Court has recognized the complications in locating officers within the PRPD. Now, as it was the case then, the Court was aware of the extreme difficulties that arise from the proper execution of service of process upon members of the PRPD. See Serrano v. Figueroa-

Sancha, 878 F. Supp. 2d 301, 314-15 (D.P.R. 2012). Here, Plaintiffs have allegedly requested Defendants' contact information from the PRPD o numerous in order to locate them for service of process. Although the Court has provided a reasonable extended period of time to serve these unidentified officers, Plaintiffs appear to have been diligently seeking Defendants' information in order to serve them with process. Because the Court has been made aware of Plaintiffs' state court case in which they are deposing several police officers, the Court will grant Plaintiffs thirty (30) days to serve any necessary defendants with process based off the results of the depositions taken in the state court case. Plaintiffs may depose the Director of Personnel of the Puerto Rico Police Department to provide the addresses where Defendants may be served at a police precinct or, if necessary, at a residential address. Accordingly, Defendants' Motion to Dismiss for failure to serve is hereby **DENIED without prejudice.** If Plaintiffs fail to serve the defendants within the thirty days ordered herein, the Court may enter a judgment dismissing the instant case without prejudice.

### E. Supplemental State Law Claims

Because federal claims still remain in the case at bar, the Court will refrain from assessing Plaintiffs' supplemental state

law claims at this time. *See* <u>Rodriguez v. Doral Mortg. Corp.</u>, 57 F.3d 1168, 1176-77 (1st Cir. 1995).

### IV. CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' *Motion to Dismiss* (Docket No. 19):

1. Defendants' *Motion to Dismiss* for lack of standing to sue with respect to Plaintiffs Brenda I. Ortiz-Cosme, Jose Diaz-Ortiz, Bryan Diaz-Ortiz, Franyael Diaz-Ortiz and Luis Yomar Diaz-Ortiz is hereby **GRANTED;**
2. Defendants' *Motion to Dismiss* for lack of standing to sue with respect to Plaintiffs Jilmarie Colon-Merced, Joleydaliz Diaz-Rolon and Micaela I. Diaz Rolon is hereby **DENIED with prejudice;**
3. Defendants' *Motion to Dismiss* for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) is hereby **DENIED;** and
4. Defendants' *Motion to Dismiss* for failure to serve is hereby **DENIED without prejudice.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March 2016.

s/ Daniel R. Dominguez

DANIEL R. DOMINGUEZ

U.S. DISTRICT JUDGE